CASE 104.—PROCEEDINGS BY THE COMMONWEALTH AGAINST LEWIS & POTTER TO CANCEL A LIQUOR LICENSE.—October 19, 1909.

# Lewis & Potter v. Commonwealth

Appeal from Warren Circuit Court.
JOHN M. GALLOWAY, Circuit Judge.
From the judgment defendants appeal.—Affirmed.

Intoxicating Liquors — License — Forfeiture — Statutes.—Ky. St. 1909, Sec. 4204, forbids the furnishing of any liquor to a minor, and section 4208 (section 6150) declares that any tavern keeper, merchant, etc., who shall violate any provision of the article shall forfeit his license. Held, that, where a liquor license was granted to two persons as a firm, the gift of liquor to a minor by one of the firm justified the revocation of the license as against the firm and both members thereof.

WRIGHT & McELROY and SIMS, DU BOSE & SIMS for appellants.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN— Affirming.

This appeal is prosecuted from a judgment of the Warren circuit court entered on the 12th day of June, 1909, affirming a judgment of the Warren county

court revoking the liquor license of the firm of Lewis & Potter, granted under section 4205, Ky. St. Lewis & Potter were partners conducting a business in Delafield, a small village adjoining the city of Bowling Green. By virtue of section 4208, Ky. St., the county attorney gave the firm notice that he would apply on a day named, to the county court for the revocation of the license granted the firm to sell liquor as merchants, for the reason that they had violated the statute in two instances by selling to one Morris, who at the time of the sale was under 21 years of age, one quart of whisky, and at another time in selling a quart of whisky to one Davidson, who was a minor at the time. The county court heard the motion and revoked the license. The firm appealed the case to the Warren circuit court, and that court affirmed the action of the county court, and they then took an appeal to this court. Both members of the firm appeal, but their counsel admit that the action of the lower court in revoking the license of John M. Potter was correct, as the evidence showed that he sold the liquor to the minors. Their contention is that the license of Lewis, the other member of the firm, should not have been revoked bcause the evidence failed to show any guilty act or knowledge on his part; and this is the only question necessary to be considered.

Section 4208, Ky. St., provides: "Any tavern keeper, merchant, distiller or druggist who shall violate any provision of this article, shall forfeit his license," etc. It is evident that the word "his" as used in this section was meant to include a partnership and a corporation as well as an individual. In the same article and by section 4204 (section 6146) it is provided: "It shall be unlawful for any person

to whom a license is granted as contemplated in this subdivision, to suffer any gaming, scandals or disorderly conduct in their houses or on their premises, or to furnish any liquor to any person who is drunk, or who is a known inebriate, or who is under twenty-one years of age, or to sell any liquor on Sunday, or any other day the law may prohibit the sale thereof," etc. The penalty fixed by the statute to be imposed upon a person for selling liquor to a minor is $50. As this law had been clearly violated, the court had the power and right to revoke the license. There was but one license granted, and that was granted to the firm doing business under the name of "Lewis & Potter," and not to Lewis or Potter individually, and, as Potter had no license, to have made the revocation apply to him alone would not have been effective. The court did not have power to dissolve the partnership existing between them for the sale of merchandise, and hence the business could have been continued by the partners as before with Lewis as the licensee. To construe the statute as contended for by appellants' counsel would render it inoperative, as several persons might become partners in selling merchandise and obtain license to sell liquor by the quart, and one of them take the place of salesman of the liquor, and, when he had violated the law in making a sale, then the right to sell would remain in the other members and one of them would become salesman, and so on, until the 12 months for which they had obtained the license had expired, and in this way defeat the object of the statute. Appellants in this case were partners in the sale of merchandise and in the license to sell liquor, and in the matter under consideration they must stand or fall together. In matters pertain-

ing to their partnership each represented both of them.

We are of the opinion that the lower court was correct in revoking the license of the firm.

For these reasons, the judgment of the lower court is affirmed.