## Lewis v. Commonwealth of Ky.

(Decided November 11, 1910.)

### Appeal from Warren Circuit Court.

1. Intoxicating Liquors—License by Merchant to Sell—Discretion of County Court in Granting.—A county court has a large discretion in granting a merchant license to sell spirituous liquor by the quart, and its action should not be disturbed unless there was a clear abuse of discretion.

2. Same—License Revoked—Application for Renewal—Refusal Sustained.—Under section 4213 Ky. St., providing that "any person whose license has been cancelled shall not be granted another license for twelve months thereafter," where a license to sell whiskey by the quart. was granted to Lewis & Potter as a firm, and while the firm held the license Potter, one of the firm, was convicted of selling whiskey to a minor more than once, for which their license was revoked, Lewis, the other member of the firm, was properly refused a license for twelve months thereafter. The fact that Lewis had an interest in the license revoked was a bar to his application for another license within twelve months succeeding the revocation.

GEO R. GORIN and GREENE, VAN WINKLE & SCHOOLFIELD for appellant.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Asst. Attorney General, CHAS. DRAKE and W. B. GAINS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On December 1, 1909, the Warren county court granted appellant a merchant's license to retail spirituous liquors in quantities of not less than a quart, at his place of business in Delafield, in that county. The county attorney, as authorized by the Statutes to do, appealed to the circuit court from the action of the county court. The case was tried there and a judgment entered reversing the county court and directing it to refuse the license and dismiss the application, and from that judg-

ment this appeal is prosecuted. It is conceded that the county court has a large discretion in the matter of granting such license, and its action should not be disturbed, unless there was a clear abuse of discretion. Appellant produced the proof required by the Statutes entitling him to a merchant's license, and the action of the county court should not have been reversed, except for the following reasons: In April, 1909, appellant was a partner in business as a merchant with one John M. Potter, the style of the firm being "Lewis & Potter." They had a merchant's license to sell liquor in quantities of not less than a quart. While the firm held such a license, J. M. Potter sold liquor in more than one instance to a minor, for which he was convicted. After this conviction, and in June, 1909, the license of the firm of Lewis & Potter was revoked, and Lewis appealed from that judgment. He contended that the court had no right to revoke his license, because he had not committed the offense, that Potter alone committed it, but this court affirmed the judgment of the lower court, (Lewis & Potter v. Commonwealth, 121 S. W. 643), and said that there was but one license granted, and that it was issued to both doing business as a firm. The only question presented upon this appeal is whether Lewis, a member of the firm of Lewis & Potter, is prohibited by section 4213, Kentucky Statutes, from being granted another license within twelve months next after the revocation of the license of Lewis & Potter. That section is as follows:

"Any person whose license has been cancelled shall not be granted another license for twelve months thereafter."

It is conceded that the application of Lewis for license was made within twelve months after the revocation of his and Potter's license, and we are of the opinion that this section of the Statutes is a bar to his right under this application. To hold otherwise would render the Statute ineffective, as most merchants, hotel-keepers and bar-keepers sell liquor by agents and not in person, and if the persons holding license are required to personally commit the offenses named in the Statutes before they are prohibited from obtaining another license within twelve months, the Statutes would be of no consequence, as they would invariably conduct the business by agents. Potter, in committing the offense referred to was not acting for himself alone; he represented himself and appellant, and if the Statute does not apply to Lewis,

it could not apply to Potter. It is true, Potter might have been refused a license upon the ground that while interested in the firm he violated the law and for that reason did not sustain a good moral character, but that has no application to the question before us. If the Statute under consideration applies to one, it applies to the other. Appellant had an interest in the license revoked, which is a bar to the application for other license made within twelve months succeeding the revocation.

For these reasons the judgment of the lower court is affirmed.