ST. LOUIS UNION TRUST COMPANY and ELIZABETH C. HOUGH, Executors of the Last Will and Testament of WARWICK MASSEY HOUGH, Deceased, Plaintiffs, *v.* ETHEL HOFFSTAEDTER, Defendant.

Supreme Court, New York Special Term, December, 1923.

**Banks and banking — foreign banking corporation has capacity to sue as executor under Decedent Estate Law, section 160 — pleadings — Banking Law, section 223, not applicable.**

Under section 160 of the Decedent Estate Law an action may be brought in this state by a foreign banking corporation as executor, and a motion to strike out a separate defense, alleging that plaintiff has no capacity to sue, will be granted.

Section 223 of the Banking Law, which refers merely to the right of the plaintiff to be appointed an executor in this state, cannot avail defendant in any way.

MOTION to strike out separate defense.

*White & Case* (*Ernest G. Fifield,* of counsel), for plaintiffs.

*Dos Passos Brothers* (*Cyril F. Dos Passos,* of counsel), for defendant.

PROSKAUER, J.  By the separate defense challenged on this motion defendant claims that the plaintiff St. Louis Union Trust Company, a Missouri banking corporation, suing as a foreign executor, has no capacity to sue.

Section 160 of the Decedent Estate Law (Laws of 1920, chap. 919) provides that " an executor  *  *  *  duly appointed in any other state  *  *  * may sue or be sued in any court in this state in his capacity of executor  *  *  * in like manner and under like restrictions as a non-resident may sue or be sued."

Defendant contends that because the statute uses the pronoun " his," it cannot refer to a corporation.  It might with equal reason be argued that it could not refer to a woman.  There is abundant authority for the proposition that a word like " his " may in appropriate cases be interpreted as referring to a corporation.  *Lewis & Potter v. Commonwealth,* 134 Ky. 837, 838; *Olcott v. Tioga Railroad Co.,* 20 N. Y. 210; *Mayor of Hereford v. Morton,* 15 L. T. (N. S.) 187; 2 Brit. Rul. Cas. 253; 7 R. C. L. 33–35, 767; 20 Ann. Cas. 737.

Defendant further claims, however, that by section 223 of the Banking Law it is provided that a foreign trust company, which by the law of its own state may be appointed an executor, " may be appointed and may accept appointment and may act as executor of and trustee under the last will and testament of any deceased person in this state," provided there are reciprocal provisions in the law of the given foreign state; and that because there is no such reciprocal provision in Missouri, this trust company cannot sue here. The statute obviously refers not to the right of the plaintiff to begin a suit here, but merely to the right to be appointed an executor in this state by our courts. This section is of no avail to defendant either in itself or as support to her interpretation of the Decedent Estate Law. Motion granted.

Ordered accordingly.