[Civ. No. 16874.   Second Dist., Div. Three.   Oct. 7, 1949.]

MICHAEL COLETTI, Respondent, v. STATE BOARD OF
EQUALIZATION et al., Appellants.

Fred N. Howser, Attorney General, and Bayard Rhone, Deputy Attorney General, for Appellants.

Prentiss Moore and Charles M. Hughes for Respondent.

SHINN, P. J.—The State Board of Equalization and the members thereof, hereinafter referred to as defendants, appeal from a judgment for the issuance of a writ of mandate directing them to vacate an order revoking an on-sale, general liquor license theretofore issued to Michael Gerbosi and Michael Coletti, the latter alone being the plaintiff in the action. The defendants demurred to the petition, the matter was submitted on the petition and demurrer, the demurrer was overruled and judgment entered commanding the board to vacate its order revoking the license and to restore physical possession of the license to the plaintiff Coletti.

From the petition and the findings of the hearing officer of the board, which were incorporated in the petition, the following facts appear: A license had been issued under section 6, paragraph J of the Alcoholic Beverage Control Act [Stats. 1935, p. 1123; 2 Deering's Gen. Laws, Act 3796] to petitioner and Gerbosi for the sale of beer, wine and distilled spirits for consumption on the premises at 1903 West Sixth Street, Los Angeles. Coletti and Gerbosi were partners in a restaurant at that location. Gerbosi was the holder of another license applying to premises at 742-746 South Vermont Avenue, Los Angeles. Gerbosi and his wife owned and operated an unlicensed café on Atlantic Boulevard in county territory. The employees of Gerbosi at the unlicensed café made numerous sales of distilled liquors which were found to have been made with the consent and knowledge of Gerbosi. These acts were charged as violations of sections 3 and 40(2) of the act. Gerbosi also was found to have been in possession of 348 emptied, undestroyed, distilled spirits bottles on the same premises, in violation of section 36b(3) of the act. Coletti, admittedly had no interest in the Atlantic Boulevard café and no knowledge of said violations of law. The accusation brought by the District Liquor Control Administrator was for revocation of the license held by Gerbosi alone, and also that held by Gerbosi and Coletti.

The question is: Upon these facts was defendant board authorized to revoke the partnership license? Under section 40(1) and 40(2) of the act, a license may be suspended or revoked "[w]hen the continuance of such license would be contrary to public welfare or morals" etc., and where a licensee is guilty of violating or permitting a violation of the act (with exceptions not involved here) or any rules and regulations of the board, or "any other penal provision of law of this State prohibiting or regulating the sale, exposing for sale, use, possession, giving away, adulteration, dilution, misbranding or mislabeling of alcoholic beverages or intoxicating liquors." It is not questioned by plaintiff Coletti that the evidence was sufficient to justify the suspension or revocation of any license held by Gerbosi. His contention is that even if the partnership license could be suspended as to Gerbosi's interest he may not be deprived of his interest for the reason that he is not responsible for the acts of his partner unconnected with the operation of the partnership and committed without his own knowledge or authority.

Under section 10, an application for a license may be made by a partnership. It must give the names of the individual partners and be signed by each, and must contain a statement to the effect that the applicant has not been convicted of a felony, has not violated and will not violate or cause or permit to be violated any of the provisions of the act, etc. The board must deny an application if either the applicant, or the premises for which the license is applied for, do not qualify for a license. It seems clear that a partnership application should be denied if one of the partners is unable to qualify.

If the judgment should be given effect, the result will be that the partners will continue to hold a license or Coletti alone will be the licensee. The provision of the judgment that the board must restore physical possession of the license to Coletti might indicate a purpose to make him the sole licensee. If this was the purpose, it is clearly one that cannot be accomplished by the judgment. The act contains elaborate provisions for the transfer of licenses, including the giving of notice, establishment of an escrow, payment of claims against the transferor, payment of a transfer fee, and the application for transfer must have the approval of the board, following a complete investigation to be made by the State Liquor Administrator (2 Deering's Gen. Laws, Act 3796, §§ 7, 7.2, 21.1). A transfer from a partnership

to one of the partners is clearly subject to these provisions. Gerbosi's interest in the license can be taken from him only by revocation. Even if the license could be revoked only as to his interest and if the order of the board should be given that effect, there would be nothing to transfer to Coletti. It was not competent for the court to create a new license with Coletti as licensee. If he is to be made the sole licensee it must be through action by the board.

There is, however, no authority in the board to revoke a partnership license as to the interest of one of the partners. There was but a single license, although it stood in the names of the two partners. It cannot be invalid as to one partner and valid as to the other.

The revocation was effective as to both partners or to neither. It is clear that it was the duty of the board to terminate Gerbosi's rights under the license. He violated the conditions under which it was held when he engaged in the illegal sale of liquor. It would be a violation of section 3 of the act for him to exercise any of the rights and privileges of a licensee. What he cannot do as an individual, he cannot do through a partnership. Revocation of a partnership license brings about a harsh result as to an innocent partner, but this result cannot be avoided in the present circumstances. The innocent partner must suffer unless the guilty one goes unpunished. Certainly the board does not act arbitrarily in revoking a partnership license where one partner has been found guilty of violations of law which call for revocation.

There is no force in the argument that one partner in a liquor license cannot be bound by unauthorized acts of a copartner which place the license in jeopardy. When two or more persons apply for a partnership license, each of them necessarily assumes responsibility for the acts of the others with relation to the conditions under which the license is held. It is immaterial here that the offenses of Gerbosi were committed at the Atlantic Boulevard café in which Coletti had no interest. A violation of law in the sale of intoxicating liquor is a cause for revocation of a license, and it is nonetheless a cause if it is committed away from the licensed premises. Coletti has suffered an injustice at the hands of Gerbosi, but not at the hands of the board. He assumed this risk when he entered into partnership with Gerbosi in obtaining the liquor license. The court cannot relieve him from the consequences of Gerbosi's violation of the conditions under which the license was issued and held. The ques-

tion whether a liquor license issued to two persons should be revoked in its entirety for the offense of one of the licensees was considered in the following cases: *Panichi's License,* 41 D. & C. 256 (Pa. 1941); *Pompeo's License,* 57 York Legal Rec. 84 (Pa. Com. Pleas 1943); *Kisslinger's Appeal,* 59 D. & C. 126, 30 North. 401 (Pa. Quar. Sess. 1946); *Lewis & Potter* v. *Commonwealth* (1909), 134 Ky. 837 [121 S.W. 643]. It was held in each case that the license was revocable in its entirety, for the offense of one of the licensees which constituted a violation of conditions under which it was issued and held. No court, so far as we know, has reached a contrary conclusion.

We therefore conclude that the judgment appealed from was in error.

The judgment is reversed with instructions to sustain the demurrer of the Board of Equalization and its members and to render judgment in their favor.

Wood, J., and Vallée, J., concurred.